**Sohail Ahmed KHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72111.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed June 13, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Sohail Ahmed Kahn ("Khan") seeks review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We grant the petition and remand.

The IJ's adverse credibility determination is not supported by substantial evidence. Khan's failure to know the national size of the Pakistan People's Party ("PPP") or the details of Pakistan's political history prior to the events giving rise to his claim are not issues that go to the heart of his asylum claim. *See Singh v.*

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Ashcroft*, 301 F.3d 1109, 1113 (9th Cir. 2002). The IJ also engaged in impermissible speculation by finding it "implausible" that Khan would carry his national identification card when fleeing Pakistan or that he would be able to recover from police beatings with two days of rest rather than medical treatment. *See Shire v. Ashcroft*, 388 F.3d 1288, 1296–97 (9th Cir.2004); *Bandari v. INS*, 227 F.3d 1160, 1166–67 (9th Cir.2000).

The State Department Report generally corroborates Khan's testimony, and the IJ failed to identify any specific contradictions between the report and Khan's testimony. *See Zheng v. Ashcroft*, 397 F.3d 1139, 1144 (9th Cir.2005). "We have never assumed that all potentially relevant incidents of persecution in a country are collected in a State Department document," and, thus, the failure of the report to describe the specific type of events Khan related is not a basis for an adverse credibility finding. *Chand v. INS*, 222 F.3d 1066, 1077 (9th Cir.2000).

Because there was no legitimate basis to question Kahn's veracity, further corroborating evidence was not required. *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004). In any event, Kahn did provide corroboration of his membership in the PPP, and "where an applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that would further support that particular claim." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000).

Because the IJ's adverse credibility determination is not supported by substantial evidence, we grant the petition for review and remand so the agency can fully address the merits of Khan's asylum, withholding of removal and CAT claims. *See*

*INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION FOR REVIEW GRANTED; REMANDED.